**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **RICHARD SKAGGS,** )<br>      )<br>      **Petitioner,** )<br>      )<br>      v.      )<br>      )<br>**DIRECTOR OF THE ARIZONA** )<br>**DEPARTMENT OF CORRECTIONS,** )<br>      )<br>      **Respondent.** )<br>_____ ) | **CIV 08-01683 PHX FJM (MEA)**<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE FREDERICK J. MARTONE:**

On or about August 22, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Petitioner filed an amended petition on January 12, 2009. See Docket No. 10. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 13) on March 10, 2009. Respondents contend the action for habeas relief may be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations.

**I Procedural History**

In 2004 a jury found Petitioner guilty of one count of theft of a credit card, one count of trafficking in stolen property and one count of theft of property. Answer, Exh. B. After a hearing, on February 18, 2004, Petitioner was sentenced

to a total of 46 years imprisonment pursuant to these convictions.[1]

Petitioner took a direct appeal of his convictions and sentences and was appointed counsel to represent him in his direct appeal. Id., Exh. A. In his direct appeal Petitioner asserted that the imposition of aggravated sentences violated his Sixth Amendment rights pursuant to the United States Supreme Court's opinion in Blakely v. Washington. Id., Exh. A. The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a decision issued July 28, 2005. Id., Exh. B. Respondents allow that Petitioner sought review of this decision by the Arizona Supreme Court, which denied review on March 9, 2006. Id. at 2 & n.2; Docket No. 10 at 3.

Prior to the date that the Arizona Supreme Court denied review, on or about September 7, 2005, Petitioner initiated an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. D. Counsel was appointed to represent Petitioner in his Rule 32 action. Id., Exh. E. Petitioner's counsel informed the state trial court that he could find no meritorious issue to raise on Petitioner's behalf. Id., Exh. F.

Petitioner was given several extensions of the time allowed to file a pro per petition seeking state post-conviction relief pursuant to Rule 32. Id., Exh. G & Exh. H. On November 22, 2006, Petitioner's Rule 32 action was dismissed for his

---

[1] Petitioner was later convicted of the first-degree murder of the victim of the theft crimes challenged in this habeas action.

1 failure to file a petition specifying his claims for relief.
2 Id., Exh. I.
3       In his federal habeas action Petitioner asserts he is
4 entitled to relief because his rights pursuant to the Sixth,
5 Eighth, Ninth, and Fourteenth Amendments were violated.
6 Respondents, characterizing the petition as "virtually
7 incomprehensible," argue that the petition was not timely filed.
8       **II Analysis**
9       The petition seeking a writ of habeas corpus is barred
10 by the applicable statute of limitations found in the
11 Antiterrorism and Effective Death Penalty Act ("AEDPA"). The
12 AEDPA imposed a one-year statute of limitations on prisoners
13 seeking federal habeas relief from their state convictions.
14 See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).
15 The AEDPA provides that a petitioner is entitled to tolling of
16 the statute of limitations during the pendency of a "properly
17 filed application for state post-conviction or other collateral
18 review with respect to the pertinent judgment or claim." 28
19 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v.
20 Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v.
21 Carter, 515 F.3d 1051, 1053 (9th Cir.), cert. denied, 129 S. Ct.
22 397 (2008).
23       Using the most generous possible interpretation of the
24 AEDPA, Petitioner's convictions and sentences became final on
25 June 9, 2006, when the time expired for seeking certiorari by
26 the United States Supreme Court in his direct appeal. See
27 Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v.
28

1  Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Compare Hemmerle v.
2  Schriro, 495 F.3d 1069, 1077 (9th Cir. 2007); Riddle v. Kemna,
3  523 F.3d 850, 855 (8th Cir. 2008).  At that time, Petitioner had
4  an action for state post-conviction relief pending, which tolled
5  the AEDPA's one-year statute of limitations.
6          Again applying the most generous interpretation of the
7  precedent of the federal courts, the statute of limitations
8  began to run on December 22, 2006, when the time expired for
9  Petitioner to seek review of the Arizona trial court's dismissal
10 of his Rule 32 action.  See Douglas v. Horn, 359 F.3d 257, 261
11 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir.
12 2000) (holding that, because a judgment is not final until the
13 time for seeking review expires, the word "pending" includes
14 that time period, whether or not such review is sought, and
15 collecting cases so holding).  See also Lookingbill v. Cockrell,
16 293 F.3d 256, 266 (5th Cir. 2002) (collecting cases so holding).
17 Accordingly, the one-year statute of limitations regarding
18 Petitioner's federal habeas action expired on December 22, 2007.
19 Petitioner did not file his federal habeas action until August
20 22, 2008, approximately eight months after the statute of
21 limitations expired.
22         Respondents argue that state prisoners are not entitled
23 to equitable tolling of the AEDPA's statute of limitations.  The
24 Ninth Circuit Court of Appeals has recently stated that the
25 Court should still determine whether a section 2254 petitioner
26 is entitled to equitable tolling of the statute of limitations.
27 See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 & n.2 (9th
28                                -4-

Cir. 2009). A petitioner seeking equitable tolling of the AEDPA's statute of limitations must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034.

Petitioner has not established that he is entitled to

-5-

equitable tolling of the statute of limitations. Petitioner has not filed any reply to the response to his habeas petition.

### III Conclusion

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Skaggs' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration

of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 14th day of April, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-7-